686 S.E.2d 226

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Spicy Jean ALLEN aka Spicy Carter, Defendant Below, Appellant.**

No. 34718.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 2009.

Decided Oct. 30, 2009.

Joseph T. Harvey, Henry L. Harvey, Harvey & Janutolo Law Offices, Princeton, WV, for the Appellant.

Dawn E. Warfield, Attorney General's Office, Charleston, WV, for Appellee.

PER CURIAM:

Appellant Spicy Jean Allen aka Spicy Carter (hereinafter Ms. "Allen") seeks relief from the August 6, 2008, ruling of the Circuit Court of Mercer County refusing to alter the sentence imposed following her plea of guilt in connection with charges of first degree murder and conspiracy to commit first degree murder.[1] Contending that she admitted guilt to the offense of attempt to commit murder rather than the offense of attempt to commit murder in the first degree, Ms. Allen argues that she was incorrectly sentenced. As an additional ground, she asserts ineffective assistance of counsel based on the alleged failure of her defense counsel to properly advise her regarding the penalty for the offense of attempt to commit murder. Upon careful review of the record in this matter, we conclude that the trial court did not commit error and, accordingly, affirm.

## I. Factual and Procedural Background

On June 15, 2005, Ms. Allen was indicted on charges of first degree murder, conspiracy to commit murder in the first degree, robbery in the first degree, and conspiracy to commit robbery in the first degree. On December 21, 2005, Ms. Allen entered into a plea bargain agreement whereby she acknowledged her decision to enter a "best interests" plea[2] to "attempt to commit murder punishable by an indeterminate sentence of 3–15 years in prison." As part of that same agreement, she indicated her intent to plead guilty to delivery of a schedule II controlled substance[3] as charged in a separate indictment.

During a hearing before Judge John Frazier on December 21, 2005, Ms. Allen entered pleas of guilt to both the attempt to commit murder charge and the delivery of a scheduled II controlled substance. Judge Frazier

accepted the pleas and by order entered on March 31, 2006, sentenced Ms. Allen to a prison term of 1–15 years on the drug charge and 3–15 years for attempt to commit murder in the first degree. These sentences were to run consecutively and the remaining charges filed against Ms. Allen were dismissed.

At Ms. Allen's request, the trial court appointed new defense counsel by order entered on June 22, 2006. Her new attorney immediately sought to obtain a reduction in Ms. Allen's sentence through a motion for alternative sentencing or concurrent sentencing. By order entered on July 26, 2006, defense counsel's request for a sentence reduction was denied. A subsequently filed *pro se* motion seeking a sentence reduction was also denied.[4]

On August 1, 2007, Ms. Allen's counsel filed a motion for correction of sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure. Despite previous attempts to obtain post-sentencing relief, Ms. Allen asserted the novel claim that she had received an incorrect sentence. Contending she entered a plea of guilt to the offense of attempt to commit murder rather than the offense of attempt to commit murder in the first degree, Ms. Allen maintains she should have received a 1–3 year prison sentence rather than a 3–15 year sentence. *Cf.* W. Va.Code § 61–11–8(1) to § 61–11–8(2) (2005).

After hearing argument on the Rule 35 motion,[5] Judge David Knight delayed a ruling pending review of the plea hearing that was held before Judge Frazier. Following his review of the hearing transcript, Judge Knight ruled that Ms. Allen " 'totally' understood the plea agreement and the penalty she was facing" and, accordingly, denied the Rule 35 motion.[6] Through this appeal, Ms. Allen

---

**1.** Ms. Allen was also indicted for robbery in the first degree and conspiracy to commit robbery.

**2.** *See* Syl. Pt. 1, *Kennedy v. Frazier,* 178 W.Va. 10, 357 S.E.2d 43 (1987) (holding that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him").

**3.** The controlled substance was hydromorphone.

**4.** Her motion was denied by order entered on December 13, 2006.

**5.** The hearing was held on October 3, 2007.

**6.** The order was entered by Judge Knight on August 6, 2008.

seeks a reversal of the trial court's ruling denying her request for sentencing relief.

## II. Standard of Review

■ We previously articulated the standard of review that applies to our review of trial court rulings made under Rule 35:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). With this governing standard in mind, we proceed to review this case to determine whether the trial court committed error by refusing to alter the sentence that Ms. Allen received in connection with her plea of guilt.

## III. Discussion

### A. Incorrect Sentence

■ At the core of this appeal is Ms. Allen's contention that she received an incorrect sentence based on the penalties provided in West Virginia Code § 61–11–8 for crimes that are charged as attempts to commit an offense. That statute, provides in pertinent part, that

> Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows:
>
> (1) *If the offense attempted be punishable with life imprisonment,* the person making such attempt shall be guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary not less than three nor more than fifteen years.
>
> (2) *If the offense attempted be punishable by imprisonment in the penitentiary*

*for a term less than life,* such person shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.

W. Va.Code § 61–11–8 (emphasis supplied).

Under West Virginia Code § 61–11–8, the sentence that is mandated for an attempted offense is governed by whether the underlying offense is punishable by life in prison. While murder in the first degree carries a life sentence, murder in the second degree carries an indeterminate sentence of not less than ten nor more than forty years in prison.[7] *Cf.* W. Va.Code § 61–2–2 (2005) to W. Va.Code § 61–2–3 (2005). Maintaining that she pled guilty to an attempt to commit an offense that does not carry a life sentence, Ms. Allen argues that the trial court should have sentenced her to a 1–3 year period of confinement in prison or 6–12 months in jail rather than the 3–15 year prison term she received. *See* W. Va.Code § 61–11–8(2).

As support for her position that she entered a plea to an offense that does not carry a life sentence, Ms. Allen cites the omission of the terms "first degree" from certain plea-related documents. Those documents include the plea agreement; an order that Judge Frazier signed the day after the plea was taken; and the penitentiary commitment order. Each of these documents references either "a 'best interests' plea to attempt to commit murder punishable by an indeterminate sentence of 3–15 years in prison" or "Attempt to Commit a Felony, To–Wit: Murder." In contrast to this language, however, the dispositional order entered by the trial court on March 31, 2006, expressly adjudges Ms. Allen as "guilty of Attempt to Commit Murder in the First Degree, a lesser included offense as contained in Count 1 of the Indictment." In that same dispositional order, Ms. Allen is sentenced to the "indeterminate term of not less than three (3) years and

---

**7.** Ms. Allen contends that the omission of the terms "first degree" in the plea agreement and the penitentiary commitment order requires the conclusion that she entered a plea of guilt to second degree murder.

not more than fifteen (15) years as provided by law for the offense of 'Attempt to Commit Murder in the First Degree' a lesser included offense as the State in Count 1 [of] its indictment herein hath alleged and by her plea she hath admitted."

Presented with an alleged sentencing error, Judge Knight recognized the need to review the transcript from the hearing in which Judge Frazier accepted Ms. Allen's plea of guilt. Judge Knight found the following exchanges between Judge Frazier, Ms. Allen, defense counsel,[8] and the assistant prosecuting attorney [9] to be significant with regard to Ms. Allen's entry of a guilty plea to the attempt to commit murder offense:

> THE COURT: And what is the penalty for the offense of attempted ... I guess it's first degree murder? Right?
>
> MR. BOGGESS: Yes.
>
> MR. CASSELL: It ... yes.
>
> THE COURT: I don't know if there's a difference or not.
>
> MR. BOGGESS: Yes, your Honor. Under the attempt section, if you attempt to commit a capitol [sic] offense then the penalty is 3 to 15 years in the penitentiary. Anything less than a capitol [sic] offense is 1 to 3. Since she is pleading to attempt to commit a capitol [sic] offense, the penalty would be 3 to 15 years in the penitentiary.
>
> THE COURT: Is that an indeterminate sentence or a definite sentence?
>
> MR. BOGGESS: I believe it is an indeterminate sentence—
>
> MR. CASSELL: Yes, your Honor.
>
> MR. WOLFE:—Under the ... the uh, attempt to commit a felony statute.
>
> THE COURT: Is that correct?
>
> MR. WOLFE: Yes, your Honor.
>
> MR. CASSELL: Yes, your Honor.
>
> DEFENDANT: Yes, sir.
>
> THE COURT: So you understand that the penalty for the offense of attempt to commit uh ... murder in the first degree is an indeterminate sentence of not—
>
> DEFENDANT: Yes.
>
> THE COURT:—less than 3 and no more than 15 years?
>
> DEFENDANT: Yes, sir. Yes.

As to Ms. Allen's appreciation of the sentence that could be imposed if she entered a plea of guilt, Judge Knight identified the following colloquy as relevant:

> THE COURT: ... So you understand that the penalty is 1 to 15 [on the charge of Delivery of a Controlled Substance] and a fine?
>
> DEFENDANT: Yes.
>
> THE COURT: Three to 15 [on the charge of Attempt to Commit Murder], I don't know if there is a fine or not.
>
> DEFENDANT: No.
>
> THE COURT: Uh ... but you do understand that those sentences can run consecutively or concurrently?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: That's a big factor. Uh, I assume that ya'll have gone over that with her.
>
> MR. CASSELL: Yes, your Honor.
>
> THE COURT: Do you understand those principals [sic]?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Concurrent is a good thing from a defendant's standpoint because it means as you are serving one sentence you are serving the other. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: So ... [effectively] that would be like ... that would be a 3 to 15. But it could be consecutive also and that would ... and you understand that's in the discretion of the Court?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Which would mean that you would be serving 4 to 30.
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Is that correct, Counsel?
>
> MR CASSELL: Yes, your Honor.
>
> MR. WOLFE: Yes.

---

8. Mr. Cassell and Mr. Wolfe were defense counsel during the plea hearing.

9. Mr. Boggess was the assistant prosecuting attorney.

THE COURT: And would ... which is a rather substantial sentence.

DEFENDANT: Yes.

THE COURT: You understand that?

DEFENDANT: Yes.

THE COURT: And knowing those ... knowing those penalties do you still wish to enter the ... these pleas?

DEFENDANT: Yes, sir.

. . . .

THE COURT: Okay, any other questions about the plea agreement or the possible penalties that you could receive?

DEFENDANT: No sir. I understand them. Totally.

Before accepting Ms. Allen's plea, Judge Frazier questioned defense counsel regarding the discussions that had ensued with their client:

THE COURT: As I understand, Counsel, she's pleading to attempt to commit murder in the first degree?

MR. CASSELL: Yes, your Honor.

THE COURT: And have ya'll gone over the elements of that offense?

MR. CASSELL: Yes.

DEFENDANT: Yes.

MR. WOLFE: Yes, your Honor.

THE COURT: And, uh ... what are those elements, Counsel? You ... we'll just make sure that we get those on the record and that she understands all that.

MR. CASSELL: Umm ... I ... Ms. Allen would have had to [have] taken a substantial step towards, uh, committing the act of murder in the first degree, which is, uh, requires her to have intent at the time, uh, to commit murder.

THE COURT: And ... and the murder in the first degree is what we all know what murder in the first degree is. And I assume that's the, uh, intentional, and felonious, and malicious, and deliberate premeditated, uh, killing of another human being.

MR. CASSELL: Yes, your Honor. And I have reviewed that with Ms. Allen last night.

THE COURT: You've reviewed all that with her?

MR. CASSELL: Yes, sir.

THE COURT: ... If I kill somebody in an accident, it's just an accident, but this is ... this is the intentional, premeditated, and deliberate, malicious taking of another human life. And you've defined all those terms for her, Counsel?

MR. CASSELL: Yes, your Honor. She understands.

THE COURT: You understand that?

DEFENDANT: Yes, sir.

After a thorough inquiry to assure that Ms. Allen fully appreciated the rights she was waiving by entering a guilty plea, Judge Frazier read the entirety of Count 1 of the indictment charging her with First Degree Murder, and then specifically questioned:

THE COURT: As to the lesser included charge therein of attempt to commit murder in the first degree, are you guilty or not guilty?

DEFENDANT: Guilty, with a best interest plea. For my best interest.

After conducting a careful review of the record in this matter, we agree with the conclusion reached by Judge Knight that:

it is clear from the record of this case that it was the understanding of the parties, including the Defendant, that she was pleading guilty to the offense of Attempt to Commit Murder–First Degree, which has a penalty of not less than three (3) nor more than fifteen (15) years—this offense stemming from and being consistent with her original indictment in Count 1 of Murder–First Degree.

... the Defendant not only interjected and actively participated in the discussions between the Court and Counsel concerning the plea agreement and the correct penalty in this matter, but, that she also specifically represented to the Court that she "totally" understood the plea agreement and the penalty that she was facing.

The record in this case is replete with references, recitations, and acknowledgments which demonstrate that Ms. Allen was charged with and entered a plea of guilt to the offense of attempt to commit murder in the first degree. Ms. Allen's current counsel

seeks to persuade this Court that she fully appreciated the length of sentence she was facing in connection with her plea—3 to 15 years—but that she was wrongly advised by her previous defense counsel regarding the penalty for the murder-related offense to which she was entering a guilty plea. While Ms. Allen contends that she was entering a guilty plea to attempt to commit murder—an offense that carries a one to three year prison sentence [10]—the record simply belies this argument. *See State ex rel. Thompson v. Watkins,* 200 W.Va. 214, 220-21, 488 S.E.2d 894, 900-01 (1997) (rejecting argument that defendant did not understand burglary charge to which he pled guilty based on inclusion of "breaking and entering" in plea agreement where record demonstrated trial court read plea agreement and penalties to defendant; trial counsel explained plea agreement to defendant; and defendant acknowledged his understanding of plea agreement, charges to which he was pleading, and related sentencing possibilities).

In an undeniably thorough and painstaking fashion, the trial judge addressed the charges at issue, including the specific elements of attempt to commit murder in the first degree; determined that defense counsel had fully advised Ms. Allen as to the elements of the offenses involved, the penalties for those offenses, and the related sentencing possibilities; inquired as to Ms. Allen's understanding of the constitutional rights she was waiving; and convinced himself of Ms. Allen's appreciation of not only the length of the possible sentence for her pleas to both the drug charge and murder charge but also her understanding that those penalties would run consecutively or concurrently, at the trial court's discretion. And

10. Or alternatively, a sentence of 6-12 months in jail plus a fine of not more than $500. *See* W.

immediately before taking the plea, the trial court expressly inquired of Ms. Allen as to how she wished to plea to the offense of attempt to commit murder in the first degree. Based on our review of the record, the trial court's imposition of the prison sentence of 3-15 years was proper given the fact that Ms. Allen entered a plea of guilt to an offense that carried a penalty of life imprisonment—attempt to commit murder in the first degree. *See* W. Va.Code § 61-11-8. Accordingly, we find no error with regard to the trial court's denial of Ms. Allen's motion to correct sentencing.

## B. Ineffective Assistance of Counsel

The entirety of Ms. Allen's ineffective assistance of counsel claim is predicated on her argument that she was misadvised with regard to the penalty for the murder-related offense to which she was entering a plea of guilt. Because we found this claim to be without merit in section A. of this opinion, we do not address this argument in full. Moreover, as a general rule, this Court does not consider claims of ineffective assistance of counsel on direct appeal. *See State v. Hutchinson,* 215 W.Va. 313, 323, 599 S.E.2d 736, 746 (2004).

Based on the foregoing, the decision of the Circuit Court of Mercer County is affirmed.

Affirmed.