# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 12-1332** (Cabell County 10-F-364)

**Noah Thacker, Defendant Below,
Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's *pro se* appeal arises from the Circuit Court of Cabell County's February 13, 2012 order denying his motion for reduction of sentence. The State, by counsel Scott E. Johnson, filed a response, to which petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion for reduction of sentence because he should be entitled to concurrent sentences, home incarceration, or probation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 4, 2011, petitioner entered pleas pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), to two counts of attempting to commit a felony following his arrest for attempting to steal copper. Prior to sentencing, petitioner was released on bond with requirements that he attend day reporting and also report to a probation office; petitioner failed to comply with these requirements. In September of 2011, the circuit court sentenced petitioner to a term of incarceration of one to three years for each count of attempt to commit a felony, said sentences to run consecutively. Thereafter, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. In his motion, petitioner argued that he was entitled to either concurrent sentences, home incarceration, or probation for several reasons. In support of his argument, petitioner provided the names of multiple people in the community that would assure support if petitioner were released from incarceration and also provided reasons for his failure to appear for day reporting and to the probation office while on bond prior to sentencing. The circuit court denied petitioner's motion on February 13, 2012. It is from this order that petitioner appeals.

We have previously established the following standard of review:

1

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). Upon our review, the Court finds no abuse of discretion in the circuit court's decision to deny petitioner's motion for reduction of sentence. Petitioner's main argument on appeal is that the circuit court erroneously imposed consecutive sentences because of petitioner's failure to appear for day reporting or to the probation office while on bond. Petitioner argues that he did attempt to comply with these requirements but that "the facts were misrepresented at his sentencing hearing."

It is important to note that petitioner has not included either a sentencing order or a transcript of the sentencing hearing in the appendix for this matter. As such, the Court notes that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 4, *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 656 S.E.2d 789 (2007). West Virginia Code § 61-11-8(2) states, in pertinent part, that any person attempting to commit a felony that is punishable by imprisonment in a penitentiary for a term less than life,

> shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.

Based upon West Virginia Code § 61-11-8(2), it is clear that petitioner was sentenced within the applicable guidelines and that the sentence was not based on an impermissible factor.

While petitioner argues that facts were misrepresented at his sentencing hearing, we note the following:

> "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

Syl. Pt. 2, *Benson v. AJR, Inc.*, 226 W.Va. 165, 698 S.E.2d 638 (2010). Petitioner has provided no support for his assertions that he did appear for day reporting and at the probation office as directed. Although, even if petitioner had met these requirements, the circuit court would not have

been precluded from imposing the maximum sentence. For these reasons, the Court finds no error in the circuit court's denial of petitioner's motion for reduction of sentence on these grounds.

Further, the Court finds no merit in petitioner's argument that an alleged overcrowding problem in our State's correctional system requires that defendants be given every opportunity to be incarcerated in the least restrictive and most inexpensive manner. Petitioner cites no authority imposing such a requirement on circuit courts at sentencing, and petitioner even admits there is no basis for this argument, other than what he calls a "common sense management of the State's courts and prisons." Petitioner was appropriately sentenced within the applicable statutory limits, and the circuit court was not bound to grant his motion for reduction of sentence in order to incarcerate him in the "least restrictive manner." Accordingly, the Court finds no abuse of discretion in the circuit court's denial of petitioner's motion for reduction of sentence.

For the foregoing reasons, the circuit court's February 13, 2012 order denying petitioner's motion for reduction of sentence is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II