## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 12-1150** (Marion County 95-F-71)

**Alfred Williams, Defendant Below,
Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's *pro se* appeal arises from the Circuit Court of Marion County's September 6, 2012 order denying his "Motion For Relief From Judgment Or Order." The State, by counsel Steven R. Compton, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his "Motion For Relief From Judgment Or Order" because he is entitled to additional credit for time served.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1995, petitioner was arrested on charges of aggravated robbery and attempted murder. After pleading guilty to these charges, petitioner was sentenced to a determinate term of incarceration of thirty years for aggravated robbery and a term of incarceration of one to five years for attempted murder, said sentences to run consecutively. Subsequent to his incarceration on these charges, petitioner has been paroled several times. Each time, petitioner has violated the terms of his parole and has been reincarcerated. Additionally, petitioner has been arrested on other, unrelated criminal charges and has been held in regional jails as a consequence.

Subsequent to his various reincarcerations, petitioner has filed several motions seeking credit for time served in regional jails in an attempt to more quickly reach the minimum discharge date for his aggravated robbery and attempted murder sentences. By order entered on August 31, 2011, the circuit court denied petitioner's first motion for correction of sentence. In ruling on that motion, the circuit court found that "the matter raised in the motion [had] been considered and remedied by the Division of Corrections procedures, rendering [petitioner's] motion moot." Petitioner filed another motion for correction of sentence and the circuit court denied this motion by order entered on July 31, 2012. In denying this second motion, the circuit court clearly stated

1

that denial was based upon "the reasons enunciated in the denial of the exact same motion on August [31], 2011."

By letter dated August 15, 2012, Dennis W. Foreman, Chairman of the West Virginia State Parole Board, informed petitioner that an error was made in calculating his Jail Credit Memo and that it had been amended accordingly. However, Mr. Foreman also explained to petitioner that he was not entitled to the entirety of the credit he sought because petitioner had absconded from parole for various portions of these time periods and because "the Parole Board only awards Jail Credit for time a parolee has spent in Jail on the parole violations used to revoke parole." Because parole violations specific to the underlying aggravated robbery and attempted murder charges were not used to revoke petitioner's parole, Mr. Foreman informed petitioner that he would not receive Jail Credit for the entire time he was held. Additionally, the letter indicated that petitioner's failure to secure a home plan necessary for his release had resulted in additional time spent in jail for which he was not entitled to credit.

Thereafter, petitioner filed a "Motion For Relief From Judgment Or Order" in the circuit court. Again, the circuit court noted that the motion raised arguments identical to petitioner's 2011 and 2012 motions for correction of sentence and found that the issues "have been considered and remedied by the Division of Corrections procedures." As such, the circuit court found that no further action was warranted and denied the motion "for the same reasons elicited in the previous two orders [entered August 31, 2011, and July 31, 2012]." It is from this order that petitioner appeals.

We begin by noting that the West Virginia Rules of Criminal Procedure do not provide for motions for relief from a judgment or order. Therefore, the Court will treat the underlying motion as if it were filed under Rule 35 of the West Virginia Rules of Criminal Procedure, which addresses sentence corrections and reductions. With that in mind, we apply the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). Upon our review, the Court finds no abuse of discretion in the circuit court's decision to deny petitioner's "Motion For Relief From Judgment Or Order." It is important to note that the Court has limited its review to this single order, despite petitioner's argument that the circuit court previously erred in denying his motions for correction of sentence by orders entered on August 31, 2011, and July 31, 2012. Petitioner failed to appeal those orders in a timely fashion.

In regard to his most recent motion, the circuit court found that petitioner was entitled to no relief because he was raising issues identical to two prior motions for correction of sentence that were without merit, and because the Division of Corrections had already considered and remedied the issues through its own internal procedures. Petitioner argues that he is still entitled to over 1,000 days of credit for time served against his aggravated robbery and attempted murder charges, but the record clearly demonstrates that all credit to which petitioner is entitled has been awarded. Simply put, petitioner erred in calculating his alleged credit due based on the time he spent in regional jails following his conviction. The record shows that, following his conviction in 1995, petitioner was held in various regional jails for a number of different offenses and parole violations, many of which were unrelated to the sentence he was serving for the underlying aggravated robbery and attempted murder charges. As such, and as explained by Mr. Foreman, petitioner is not entitled to credit for time served against the aggravated robbery and attempted murder charges for every day spent in jail after sentencing for those crimes. For these reasons, the Court finds no error in the circuit court's denial of petitioner's "Motion For Relief From Judgment Or Order."

For the foregoing reasons, the circuit court's September 6, 2012 order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II