# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1096** (Kanawha County 03-F-61 & 12-MISC-373)

**Melvin A. Terry,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Melvin Terry, *pro se*, appeals the Circuit Court of Kanawha County's order entered August 2, 2012, denying his petition for writ of mandamus, seeking a ruling on previously submitted Rule 35 motion for reconsideration of sentence, as well as a renewed motion for reconsideration. The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. On appeal, petitioner argues that his attorney abandoned his case without filing an appeal regarding an alleged violation of the terms of his plea bargain.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 25, 2003, the circuit court accepted a plea bargain from petitioner stipulating that he would plead guilty to murder, the State would recommend mercy, and the State would stand silent when petitioner was returned for final disposition to argue for an alternative sentence. On July 25, 2003, petitioner was sentenced to prison for life with the possibility of parole. On April 29, 2004, petitioner was denied alternative sentencing. On May 5, 2004, the day before petitioner turned eighteen years of age, he filed a notice of intent to appeal, stating that the basis for the appeal was that the State breached the plea bargain. In August of 2004, petitioner filed a "motion for correction and reduction of sentence." Petitioner filed a second motion for correction and reduction of sentence in May of 2008.

Due to a clerical error, the circuit court never acted upon petitioner's 2004 and 2008 motions until July of 2012, when petitioner submitted a petition for writ of mandamus to act upon the motions, as well as an "Amended Motion for Correction of Sentence and Reconsideration of sentence." The circuit court denied the 2004 and 2008 motions and, by order entered August 2, 2012, denied petitioner's petition for writ of mandamus and "Amended Motion for Correction of Sentence and Reconsideration." In denying the petition for writ of

1

mandamus, the circuit court held the petition to be moot because it denied the 2004 and 2008 motions when it became aware of them. Finally, the circuit court denied the "amended motion for correction and reconsideration" for lack of good cause to grant the motion.

While this appeal arises from the denial of petitioner's petition for writ of mandamus and his "Amended Motion for Correction of Sentence and Reconsideration," petitioner argues issues unrelated to mandamus or the conditions of his sentence. On appeal, petitioner argues that his constitutional rights were violated because his trial lawyer failed to timely appeal what petitioner asserts to be the State's violation of the plea agreement by the State. We find that petitioner is essentially arguing ineffective assistance of counsel by his trial attorney. As recognized in *State v. Frye,* 221 W.Va. 154, 155-56, 650 S.E.2d 574, 575-76 (2006), when an issue of ineffective assistance of counsel has been presented for the first time on appeal rather than the preferred method of seeking relief through a habeas corpus proceeding, and the Court lacks rulings from the circuit court to provide a basis for such review, the applicable standard of review is found in Syllabus Point Five of *State v. Miller*, 194 W.Va. 3, 459 S.E. 2d 114 (1995):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller,*194 W.Va. 3, 459 S.E.2d 114 (1996). Here, the record regarding what actions were taken by petitioner's trial counsel has not been developed.

> "'It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.' Syl. Pt. 10, *State v. Triplett,* 187 W.Va. 760, 421 S.E.2d 511 (1992)." Syl. Pt. 10, *State v. Hutchinson,* 215 W.Va. 313, 599 S.E.2d 736 (2004).

Syl. Pt. 9, *State v. Woodson*, 222 W. Va. 607, 671 S.E.2d 438 (2008). This Court has held that

[a]n incarcerated individual who raises an issue on direct appeal that was not the subject of a previous petition seeking post-conviction relief under West Virginia Code § 53-4A-1 (1967) (Repl.Vol.2000) is not prohibited from seeking habeas corpus relief following the issuance of an opinion by the West Virginia Supreme Court of Appeals where the decision on the appeal does not contain any ruling on the merits of the issue, as no final adjudication within the meaning of West Virginia Code § 53-4A-1 has resulted.

Syl. Pt. 4, *State v. Frye* , 221 W.Va. 154, 650 S.E.2d 574 (2006). This Court concludes that the record is not properly developed to permit review of this issue on its merits. Therefore, as the result of petitioner's having instituted a direct appeal raising the issue, this Court declines to address the merits of petitioner's ineffective assistance of counsel claim regarding the failure to timely appeal.

To the extent petitioner appeals the denial of his "Amended Motion for Correction of Sentence and Reconsideration," we affirm the decision below. For Rule 35 motions, we apply the following standard of review:

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). Here, petitioner offered no evidence to support his assertion that his sentence was illegal or that the circuit judge abused its discretion due to the alleged violation of the terms of his plea bargain. The sentence was within the statutory limits for the offense of first degree murder. Upon our review, the Court finds no abuse of discretion in the circuit court's decision to deny petitioner's "Amended Motion for Correction of Sentence and Reconsideration."

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** October 21, 2013

**CONCURRED IN BY:**
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum