# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)    No. 13-0225** (Berkeley County 85-F-57)

**Lawrence Thomas Redman,**
**Defendant Below, Petitioner**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Lawrence Thomas Redman, appearing *pro se*, appeals the Berkeley County Circuit Court's order entered February 4, 2013, which denied his motion to amend his sentence. Respondent State of West Virginia, by counsel Christopher C. Quasebarth, has filed a response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged with first degree murder on September 26, 1984, at which time he was seventeen years old. Petitioner was accused of stabbing his victim multiple times. Petitioner confessed to the crime, but stated that at the time of his confession no parents or counsel were present with him. He was indicted on February 20, 1985, on one count of first degree murder. Prior to his indictment, petitioner was transferred to the adult jurisdiction of the court. He appealed that transfer to this Court, and his appeal was refused in October of 1985.

Petitioner pled guilty to first degree murder on February 3, 1986. An evidentiary sentencing hearing was granted, but prior to the hearing, petitioner moved to withdraw his guilty plea. The motion to withdraw his plea was denied, and petitioner's appeal of this denial was refused by this Court on November 19, 1986. The circuit court conducted an evidentiary sentencing hearing and found that

> [petitioner] has had a long history of difficulties involving violence and drug and alcohol abuse, that extensive efforts to help [petitioner] with his difficulties have been unsuccessful, that [petitioner] has repeatedly suffered from a bad temper and lack of impulse control, that [petitioner] has been found not to be mentally retarded but diagnosed as learning disabled and suffering from

1

adjustment reaction with disturbances of conduct, that [petitioner] expresses remorse over the killing of the victim, but admits that he knew the victim as a kind person, that [petitioner] brutally stabbed the victim repeatedly inflicting numerous potentially lethal wounds, that [petitioner's] guilty plea herein was not the result of a plea agreement, that [petitioner's] guilty plea was freely and voluntarily made, and therefore . . . by law [petitioner] is not eligible for probation and the Court further finds and concludes that the public good requires that [petitioner] be imprisoned for the maximum period of time permissible under law and not be eligible for parole.

Petitioner filed a direct appeal of his conviction to this Court which was refused. Petitioner then filed a habeas petition, which was refused by the circuit court, and appealed the same to this Court. This Court affirmed in part and remanded for further development regarding ineffective assistance of counsel and possible prejudice relating to a former prosecutor. *See State ex rel. Redman v. Hedrick,* 185 W.Va. 709, 408 S.E.2d 659 (1991). On remand, the circuit court conducted further proceedings, but again denied the petition. Petitioner failed to appeal this denial.

In January of 2013, petitioner filed a *pro se* Motion to Amend Sentence, alleging that *Miller v. Alabama,* 132 S.Ct. 2455 (2012), makes a life sentence without the possibility of parole for a juvenile unconstitutional; that the sentencing court did not consider mitigating factors at the time of sentencing; and, that a prior habeas proceeding was never properly conducted. The State opposed this motion, arguing that *Miller* addressed only mandatory life sentences without the possibility of parole, not discretionary sentences, as was petitioner's sentence. The motion was denied without a hearing. Upon petitioner's motion, the circuit court appointed counsel to review the case and determine if an appeal of the denial of his petition to amend his sentence was proper. The public defender's office was appointed, reviewed the matter, and found that there was no basis for appeal. Counsel was then dismissed, and the circuit court denied subsequent motions for appointment of other counsel.

On appeal, petitioner argues first that the circuit court erred by applying the 120 day time limit for a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure, and that the circuit court erred in dismissing his motion in light of *Miller.* Rule 35 reads as follows:

(a) Correction of sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

(b) Reduction of sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or

2

probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

We find that petitioner's Motion to Amend Sentence as it relates to *Miller* is best qualified as a Rule 35(a) motion for correction of sentence, because he argues that his sentence is now illegal pursuant to *Miller*. For Rule 35 motions, we apply the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). Although the circuit court noted that petitioner missed the 120 day time limit found in Rule 35(b), the court also found that *Miller* did not make petitioner's sentence illegal or unconstitutional. Upon examination of *Miller,* the circuit court found that it holds that a mandatory life sentence without parole for a convict who was a juvenile at the time of the offense is an unconstitutional violation of the Eighth Amendment's proscription on cruel and unusual punishment. West Virginia's statutory sentence for first degree murder is distinct from Alabama's in that life without parole is not mandatory in this state, but rather is discretionary. *Miller* does not bar a discretionary life sentence without parole for a juvenile but only bars a mandatory life sentence without parole. Therefore, *Miller* does not apply herein to make petitioner's sentence illegal.

Regarding petitioner's assignment of error that he should have been allowed to present mitigating factors relating to his home life at the time of his conviction, this Court likewise finds no error. Petitioner's attempt to reduce his sentence based on these factors failed to meet the time limits found in Rule 35(b) and the circuit court was correct in failing to consider them.

Petitioner next contends that the circuit court erred in not holding a hearing to determine the factors contributing to the sentence pursuant to the dictates of *Miller*. As this Court found above, *Miller* has no applicability herein and therefore, this assignment of error is without merit.

Petitioner's final assignments of error deal with appointment of counsel. First, petitioner argues that the circuit court erred in not appointing counsel to perfect his Motion to Amend Sentence. Second, petitioner argues that the circuit court erred in removing petitioner's appellate counsel, on the basis that appellate counsel found no legitimate grounds for appeal and sought to withdraw. This Court finds no error in either assignment of error. The court determined that the motion to amend was without merit because petitioner relied heavily on *Miller,* which is inapplicable to this case. Thus, appointment of counsel was unnecessary. As for appellate counsel, he determined that there were no appealable issues. In conclusion, this Court finds that

the circuit court did not err in refusing to appoint counsel for the motion to amend sentence or in allowing the withdrawal of appointed counsel prior to this appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum