# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia**
**Plaintiff Below, Respondent**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)** **No. 13-0586** (Raleigh County 06-F-138)

**James H. Gibson, Jr.**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner James H. Gibson, Jr., *pro se*, appeals the Berkeley County Circuit Court's order dated May 2, 2013, which denied petitioner's motion to reconsider and/or reduce his sentence. Respondent State of West Virginia, by counsel Laura Young, has filed a response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on the following offenses in May of 2006: burglary; three counts of grand larceny; one count of destruction of property; two counts of first degree sexual assault; one count of first degree sexual abuse; two counts of first degree robbery; one count of attempted first degree sexual assault; and, one count of conspiracy. These crimes occurred during a three month "crime spree." Petitioner was caught on videotape entering a Little General Store with a gun where he robbed a young clerk and raped her. He later entered a Texaco armed with a rifle and attempted to rape the store clerk after robbing her. Petitioner confessed to the crimes. Petitioner then pled guilty to breaking and entering; two counts of first degree robbery; first degree sexual assault; and attempted first degree sexual assault.

At sentencing, petitioner's attorney pled for mercy based on petitioner's history of drug and alcohol abuse. The State requested 100 years of incarceration on each robbery count based on the violence of the crimes, petitioner's substantial criminal history, and the "compelling absence of a shred of remorse." A psychological evaluation of petitioner determined he was both criminally responsible and competent, and noted that petitioner was both a malingerer and attempted to feign impairment. Petitioner received an aggregate sentence of fifty-eight to

1

sixty-eight years in prison on December 14, 2007. Petitioner appealed, and the appeal was refused by this Court on September 16, 2008.

Petitioner moved to reconsider his sentence on April 14, 2008. He asked the circuit court to consider community sentiment as a change in circumstances requiring a sentence reduction, and blamed alcohol, low mental capacity, and inappropriate influences for his crimes. Petitioner filed several certificates obtained through prison programs with his motion. A hearing was scheduled on February 13, 2013, but that hearing never occurred.[1] The circuit court denied the motion to reconsider without a hearing by order dated May 2, 2013. That court noted as follows:

> Sometimes, as here, the criminal activities of the defendant are so horrid that it is difficult to envision redemption or forgiveness in the law. The defendant exhibited unspeakably violent behavior toward both individual victims in this case. One of the sexual assault victims is now deceased, quite possibly as an indirect consequence of the extreme abuse she suffered at the hands of this defendant.

The court further noted petitioner's prior involvement in the criminal justice system, and noted that the sentences were within statutory limits and not based on impermissible factors. Moreover, the court stated that "[i]t is such that the court firmly believes that the punishment imposed here fits the crimes committed by this defendant."

On appeal, petitioner argues that the circuit court erred in denying his motion for reconsideration without holding a hearing after one was scheduled, and without considering petitioner's facts. Petitioner argues that because a hearing was scheduled and a transport order entered, it was a "miscarriage of justice" not to hold the hearing. Petitioner also argues that the circuit court erred in not properly considering his low functioning mental capacity or his intoxicated condition. He also argues that the court erred in failing to consider alternative sentencing.

For Rule 35 motions, we apply the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). As to the underlying sentencing order, this Court has stated "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or

---

[1] There is no explanation in the record as to why the hearing was scheduled and then did not occur.

constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

Petitioner argues that the court erred in failing to hold a hearing. However, a court is not required to hold a hearing on a motion to reduce sentence when the court held hearings at both the plea and sentencing. *State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999). It is within the circuit court's discretion, and we find no abuse of discretion in the failure to hold a hearing in this case. As to petitioner's ultimate sentence, it is clear from a review of the record that the circuit court fully considered all of the circumstances surrounding this case, and found that petitioner is a sexually violent predator who committed several crimes. Therefore, we find no error in the sentences, which were within statutory limits, and were actually far more lenient than the sentences requested by the State.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 28, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II