# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 13-1284** (Marion County 95-F-5)

**Ross Jenkins, Defendant Below, Petitioner**

**FILED**

October 20, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ross Jenkins, by counsel Michael Safcsak, appeals the Circuit Court of Marion County's December 19, 2013, amended sentencing order that granted his motion for correction of sentence made pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. The State, by counsel Christopher Dodrill, filed a response. On appeal, petitioner alleges that the circuit court's amended sentencing order violates principles of double jeopardy because it increased his original sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 1995, petitioner was indicted on one count of burglary without breaking and entering, in violation of West Virginia Code § 61-3-11, and two counts of second degree sexual assault, in violation of West Virginia Code § 61-8B-4. Petitioner's jury trial concluded on November 8, 1995, with convictions on all three counts. In December of 1995, the State filed a recidivist information pursuant to West Virginia Code § 61-11-19, stating that petitioner had been convicted of two prior felonies.[1]

On February 16, 1996, the circuit court held a sentencing hearing. Initially, the circuit court sentenced petitioner to a term of incarceration of one to fifteen years on one count of burglary and ten to twenty-five years of incarceration on each count of second degree sexual assault, with credit for 174 days served, said sentences to run consecutively. After ordering petitioner's initial sentence, the circuit court modified the sentence to a single life sentence for all three crimes pursuant to the applicable provisions of the recidivist statute. W.Va. Code § 61-11-18. However, the State subsequently moved to withdraw the recidivist information, and the

---

[1] The record is silent as to petitioner's prior criminal convictions.

circuit court granted the motion. The circuit court then reinstated its original sentence, which amounted to an effective sentencing of twenty-one to sixty-five years in prison.

On November 21, 2012, petitioner filed a pro se motion for correction of his sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure arguing that it was inappropriate to allow the State to withdraw the recidivist information and that he should have received a single life sentence pursuant to the recidivist statute. Petitioner was appointed counsel and the circuit court held a hearing on petitioner's motion in October of 2013. It is undisputed that the parties agreed that the State should not have been permitted to withdraw its recidivist information during the original sentencing hearing in 1996. The circuit court stated that petitioner's original sentence was illegal and petitioner was "entitled to a correction . . . ." The circuit court clearly explained to petitioner the consequences of granting his motion to correct his sentence, which included the possibility of receiving an increased sentence.[2] On December 9, 2013, the circuit court entered petitioner's amended sentencing order, which sentenced petitioner to a term of incarceration of one to fifteen years for one count of burglary, a term of incarceration of ten to twenty-five years for one count of second degree sexual assault, and a life recidivist sentence on the second count of second degree sexual assault, said sentences to run consecutively, for a total of twenty-six to forty years of incarceration. Petitioner was also granted credit of 6,632 days. It is from this order that petitioner appeals.

For Rule 35 motions, we apply the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009).

Upon review of the record, this Court finds no merit to petitioner's appeal. Petitioner argues that the circuit court erred in granting his Rule 35 motion because it violated principles of double jeopardy by increasing his sentence in violation of *State ex rel. Roberts v. E.H. Tucker*, 143 W.Va. 114, 100 S.E.2d 550 (1957). However, petitioner's argument ignores the fact that his original sentence was illegal, and that he was appropriately resentenced by the circuit court within the statutory guidelines by order entered on December 9, 2013. This Court has stated that

---

[2]After explaining petitioner's new sentencing options, the circuit court asked petitioner "So, now with that understanding, do you want me to correct the sentences and sentence you to 26 to 40 [years], or do you want to keep the [original] 21 to 65 [years]?" Petitioner responded, "I'll take the 26 to 40 [years], Your Honor."

> [w]here an accused is convicted of an offense punishable by confinement in the penitentiary and, after conviction but before sentencing, an information is filed against him setting forth one or more previous felony convictions, if the jury find or, after being duly cautioned, the accused acknowledges in open court that he is the same person named in the conviction or convictions set forth in the information, the court is without authority to impose any sentence other than as prescribed in Code, 61-11-18, as amended.

Syl. Pt. 3, *State ex rel. Cobb v. Boles*, 149 W.Va. 365, 141 S.E.2d 59 (1965). Here, the circuit court's original sentencing order was illegal because it failed to sentence petitioner pursuant to West Virginia Code § 61-11-18. Additionally, the parties agreed that petitioner's original sentence was improper because the State should not have been permitted to withdraw its recidivist information during the original sentencing. Therefore, petitioner was entitled to a corrected sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.

This Court has held that "[a] trial judge may impose sentences which run consecutively for multiple convictions rendered on the same day in which one of the convictions is subject to enhancement pursuant to W. Va.Code § 61–11–19 (1943)." Syl. Pt. 3, *State v. Housden*, 184 W.Va. 171, 399 S.E.2d 882 (1990). Our review of the record in the present case shows that during petitioner's Rule 35 hearing, the circuit court thoroughly explained petitioner's sentencing options including the possibility of receiving an increased sentence. Pursuant to our holding in *Housden*, the circuit court properly sentenced petitioner for each crime within the applicable statutory guidelines and used one of petitioner's convictions to impose a life sentence under the recidivist statute, with the sentences to run consecutively.

For the foregoing reasons, the circuit court's December 19, 2013, order granting petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum