# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1221** (Berkeley County 14-F-226)

**William P. Allen,**
**Defendant Below, Petitioner**

**FILED**

**February 21, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William P. Allen, by counsel Matthew T. Yanni, appeals the Circuit Court of Berkeley County's December 11, 2015, order denying his motion to correct illegal sentence made pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Respondent, by counsel Cheryl K. Saville, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion on the grounds that respondent violated the plea agreement between the parties.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, a Berkeley County grand jury indicted petitioner on one count of grand larceny. Thereafter, in March of 2015, petitioner entered into a plea agreement with respondent wherein petitioner pled guilty to the single count of grand larceny contained in the indictment. As a part of his guilty plea, petitioner admitted selling various items of property without express permission from the house in which he was living. Also pursuant to the plea agreement, respondent agreed not to make any sentencing recommendations to the circuit court. The circuit court accepted the parties' plea agreement and ordered a presentence investigation prior to sentencing.

In July of 2015, the circuit court held a sentencing hearing. Respondent requested that one of the victims be allowed to make a victim impact statement. The circuit court approved the request. The victim read her statement and asked that the circuit court grant her "protection and justice." The circuit court asked the victim a series of questions and in response to those questions she stated that petitioner should "be in prison." At the close of the sentencing hearing, petitioner was sentenced to a term of incarceration of not less than one nor more than ten years in the penitentiary. The circuit court also ordered that he pay restitution to the victims and the cost of the proceedings. The circuit court further granted petitioner's request to delay being taken into

1

custody until the following day and ordered that he self-report to the Eastern Regional Jail. Petitioner thereafter failed to appear, and a capias for his arrest was issued. Subsequently, petitioner surrendered himself to the Eastern Regional Jail on July 13, 2015.

In July of 2015, petitioner filed pro se motions requesting that the circuit court stay the execution of his sentence, that he be granted post-conviction bail, and the circuit court reconsider his sentence. The circuit court denied petitioner's motions.

In November of 2015, petitioner filed a motion to correct his sentence on the ground that it was imposed in an illegal manner. Respondent filed a response. The circuit court denied petitioner's motion by order dated December 11, 2015.[1] It is from this order that petitioner now appeals.

We have previously held as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009). Petitioner argues that respondent violated the plea agreement when it called one of the victims as a witness in order for her to make a sentencing recommendation on respondent's behalf. According to petitioner, the victim's statement that petitioner should be in jail was a sentencing recommendation that respondent agreed not to make to the circuit court.

Based upon a review of the record, it is clear that petitioner's sentence was imposed in a legal manner and in accordance with the parties' plea agreement. We have previously held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). The sentence imposed upon petitioner was within the statutory limits.[2] Furthermore, the record is devoid of any evidence that petitioner's sentence was

---

[1]Petitioner also filed a pro se petition for writ of habeas corpus to which respondent opposed as premature because of petitioner's current appeal pending before this Court. As such, this issue is not before this Court.

[2]According to West Virginia Code § 61-3-13(a)

> If a person commits simple larceny of goods or chattels of the value of one thousand dollars or more, such person is guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of (continued . . . )

based upon any impermissible factor. *See* Syl. Pt. 10, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010).

Although petitioner argues that respondent violated the plea agreement by calling one of the victims to testify, a plain reading of the parties' plea agreement shows that it did not preclude the victims from submitting a victim impact statement or speaking to the circuit court. Following petitioner's allocution at the sentencing hearing, the victim made a statement on behalf of herself and her husband. She described details of petitioner's crimes and then spoke to the financial and emotional impact his crimes had on her and her family. The circuit court then inquired as to the victim's position regarding petitioner's punishment, and the victim responded to the circuit court's questions. Thus, because the plea agreement specifically provided for the victim in this case to address the circuit court and make a victim impact statement, respondent did not violate the plea agreement between the parties.[3]

Petitioner also argues that the victim did not notify the circuit court that she wished to make a victim impact statement and waived her right to do so under the statute. West Virginia Code § 61-11A-2(c) provides that

> [w]ithin a reasonable time prior to the imposition of sentence upon the defendant, the prosecuting attorney or assistant prosecuting attorney in charge of the case shall make reasonable efforts, in writing, to advise the person who was the victim of the crime, . . . . The writing will provide the date, time and place of the original sentencing hearing and of the victim's right to submit a written or oral statement to the sentencing court.

We observe that the statute does not require any participation form or timeframe that the victim should utilize to notify the circuit court that he or she wishes to make a victim impact statement. In the case at hand, the victim was notified of the sentencing hearing, appeared at the sentencing hearing, notified the circuit court that she wished to make a statement, and made her victim impact statement all in accordance with West Virginia Code § 61-11A-2(c). Thus, petitioner's argument that the victim waived her right to make a statement at the sentencing hearing is without merit.

Finally, petitioner argues that the victim should not have been allowed to make a victim impact statement at the sentencing hearing because she had already made a statement to petitioner's probation officer, who included the statement in the presentence investigation report pursuant to West Virginia Code §61-11A-3. West Virginia Code § 61-11A-3(b) states that

---

the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars.

[3]Petitioner pled guilty to a felony and the victim appeared before the circuit court to make a victim impact statement. *See* W. Va. Code § 61-11A-2(b) (providing that "[p]rior to the imposition of sentence upon a defendant who has been found guilty of a felony . . . the court shall permit the victim of the crime to appear before the court to make an oral statement for the record . . . .")

[t]he victim impact statement shall be prepared by the probation officer and shall include the identity of the victim, an itemization of any economic loss suffered by the victim as a result of the offense, a description of the nature and extent of any physical or psychological injury suffered by the victim as a result of the offense, the details of any change in the victim's personal welfare, lifestyle or family relationships as a result of the offense, whether there has been any request for psychological or medical services initiated by the victim or the victim's family as a result of the offense and such other information related to the impact of the offense upon the victim as may be required by the court.

However, West Virginia Code § 61-11A-2(d) specifically states that the "oral or written statement given or submitted by a victim in accordance with the provisions of this section is in addition to and not in lieu of the victim impact statement required by the provisions of section three of this article." Thus, petitioner's argument that the victim impact statement was somehow duplicative or cumulative is without merit.

For the foregoing reasons, the circuit court's December 11, 2015, order denying petitioner's Rule 35(a) motion is hereby affirmed.

Affirmed.

**ISSUED**:  February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker